NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MICHAEL RUSSELLO,

              Plaintiff,

   v.

STIHL INCORPORATED a/k/a STIHL, INC. *et al.*,

              Defendants.

Civ. No. 20-5716

**OPINION**

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter comes before the Court upon the Motion to Remand and for Attorneys' Fees and Costs filed by Plaintiff Michael Russello ("Plaintiff"). (ECF No. 7.) Defendant STIHL Incorporated ("STIHL") opposes the Motion. (ECF No. 9.) The Court has decided the Motion based on the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Plaintiff's Motion to Remand and for Attorneys' Fees and Costs is granted in part and denied in part.

### BACKGROUND

This is a product liability case. (*See* Am. Compl. ¶¶ 19–38, Ex. C, ECF No. 1-3.) On April 22, 2019, Plaintiff filed the Complaint against Defendant STIHL and W.H. Potter & Son in the Superior Court of New Jersey, Law Division, Camden County. (Ex. A, ECF No. 1-1.) The case was transferred to the Superior Court of New Jersey, Law Division, Monmouth County. (Notice of Removal at ¶¶ 3–5, ECF No. 1.) Plaintiff filed an Amended Complaint, substituting

1

Becker Hardware, Inc., a New Jersey corporation, for W.H. Potter & Son, another New Jersey corporation. (*Id.* ¶¶ 2, 6–7.) On April 29, 2020, Plaintiff voluntarily dismissed his claims, and Defendant STIHL dismissed its crossclaims, against Becker Hardware, Inc. (Stipulation of Dismissal at 1, Ex. D, ECF No. 1-4.)

On March 24, 2020, the Chief District Judge of this District issued Standing Order 2020-04 to extend litigation deadlines in response to the COVID-19 pandemic. (Ex. E, ECF No. 1-5.) Standing Order 2020-04 ordered in part that

> all filing and discovery deadlines in civil matters that currently fall between March 25, 2020 and April 30, 2020, are **EXTENDED** by forty-five (45) days, unless the presiding judge in an individual case directs otherwise after the date of this Order.

(*Id.* (emphasis in original).)[1]

On May 8, 2020, more than one year after Plaintiff filed the initial Complaint, Defendant STIHL removed the case to this Court. (ECF No. 1.) On June 5, 2020, Plaintiff filed a Motion to Remand and for Attorneys' Fees and Costs. (ECF No. 7.) Defendant STIHL filed an Opposition (ECF No. 9), and Plaintiff filed a Reply (ECF No. 10). Plaintiff's Motion to Remand and for Attorneys' Fees and Costs is presently before the Court.

## **LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have subject-matter jurisdiction based on diversity of citizenship when the action arises between

---

[1] Standing Order 2020-09, issued on April 17, 2020, ordered in part that "all discovery deadlines in civil matters that currently fall between March 25, 2020 and April 30, 2020, provided in Standing Order 2020-04, remain unchanged." (Standing Order 2020-09 ¶ 7, Ex. F, ECF No. 1-6.)

2

citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

The statute governing the procedure for removal provides,

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Subsection (c) states, in pertinent part,

> A case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

§ 1446(c)(1).

## DISCUSSION

**I.   Remand**

The dispositive legal issue in this case is whether Standing Order 2020-04 extended the one-year deadline for removal of cases from state court to federal court. The Court concludes that it did not.

When Plaintiff filed the initial Complaint in New Jersey Superior Court, no complete diversity existed. (*See* Compl. ¶¶ 1, 3, Ex. A, ECF No. 1-1.) Only after April 29, 2020, when Becker Hardware, Inc. was dismissed from the case, did complete diversity exist. (*See* Am. Compl. ¶¶ 1–3.) Fewer than two weeks later, on May 8, 2020, Defendant STIHL removed the case. (ECF No. 1.) Although Defendant STIHL filed the Notice of Removal within thirty days of this Court having subject-matter jurisdiction, as required under § 1446(b)(3), Defendant STIHL failed to remove the case within one year after commencement of the action on April 22, 2019,

3

as required under § 1446(c)(1).

Defendant STIHL argues that Standing Order 2020-04 extended the time to remove this case by forty-five days, and therefore Defendant STIHL removed this case before the one-year limitation on removal expired. (*See* Opp'n at 5–9, ECF No. 9.) The Court disagrees. Standing Order 2020-04 extended "all filing and discovery deadlines." (Ex. E.) Although the statutory thirty-day deadline for removal refers to the time in which "a notice of removal may be filed," the statutory one-year limitation on removal plainly states, "A case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action." §§ 1446(b)(3), (c)(1). "[T]he removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations and internal quotations omitted). Because § 1446(c)(1) refers to the one-year limitation on removal as a general prohibition rather than a "filing deadline," the plain meaning of the removal statute suggests that Standing Order 2020-04 did not extend the one-year period.

Although an exception to the one-year limitation exists where "the plaintiff has acted in bad faith in order to prevent a defendant from removing the action," § 1446(c), the parties agree that the statutory exception is inapplicable (Pl.'s Br. at 6, ECF No. 7; Opp'n at 9). Moreover, although the one-year limitation may be equitably tolled in certain circumstances, *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 211 (3d Cir. 2014), neither party has raised the issue of equitable tolling. In any event, "[c]ases involving equitable tolling of the one-year time limit often focus on intentional misconduct by the plaintiff." *Id.* at 211–12 (collecting cases). Because Defendant STIHL did not remove this case within one year of the commencement of the action, Plaintiff's Motion is granted to the extent that it seeks to remand

4

this case to the Superior Court of New Jersey.

## II.     Attorneys' Fees and Costs

Plaintiff also seeks an award of attorneys' fees and costs of $2,500. (Pl.'s Br. at 8.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." § 1447(c). "[A]n award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141. Because the effect of Standing Order 2020-04 on the one-year removal deadline is not established within the Third Circuit, the Court concludes that Defendant STIHL's theory supporting the timeliness of its removal was objectively reasonable. *See Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280–81 (5th Cir. 2009) (affirming the district court's conclusion that removal was objectively reasonable where the only Fifth Circuit case on point left unsettled questions regarding the propriety of removal); *Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 873 (N.D. Tex. 2017) (concluding that the defendant had an objectively reasonable basis for removal where it was "unsettled" whether the plaintiff's declarations indicating that she would not accept a judgment or recovery greater than $74,000 were legally binding); *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 385 n.6 (D. Md. 2011) (concluding that the defendant had an objectively reasonable basis to remove the case to federal court because "the law surrounding fraudulent misjoinder is somewhat unsettled"); *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1182 (N.D. Cal. 2003) (concluding that an award of costs and fees was not warranted because "removal was based on reasonable and supported interpretation of unsettled California law").

Therefore, the Court denies Plaintiff's request for attorneys' fees and costs.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand and for Attorneys' Fees and Costs (ECF No. 7) is granted in part and denied in part. An appropriate Order will follow.

Date: <u>August 28, 2020</u>                              */s/ Anne E. Thompson*
                                                                                  ANNE E. THOMPSON, U.S.D.J.